UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THERESA M. DEACON,

                           Plaintiff,

-against-    **COMPLAINT**

LOWE'S COMPANIES, INC.,    **JURY TRIAL DEMANDED**

                          Defendant.
-------------------------------------------------------------X

08 CIV. 5570

BRIEANT

By and through her counsel, Sussman & Watkins, plaintiff, Theresa M. Deacon, complains of defendant, Lowe's Companies, Inc., as follows:

**I.    INTRODUCTION**

1. Plaintiff brings this action against defendant, her former employer, to redress the violation of her right to be free from discrimination on the basis of her sex under Title VII of the federal Civil Rights Act of 1964, as amended, and the New York Human Rights Law.

**II.    PARTIES**

2. Plaintiff resides in the County of Orange, State of New York, within this judicial district.

3. Defendant Lowe's Companies, Inc., is a corporation doing business as a retailer of home improvement products in the State of New York, including within this judicial district. It may sue and be sued.

**III.    JURISDICTION**

4. As plaintiff brings this action to enforce Title VII of the Civil Rights Act of 1964, this Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 42 U.S.C. § 2000e et seq.

5. As plaintiff's State claim arises from the same nucleus of operative facts as her federal claim, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Following the termination of her employment, plaintiff filed a timely charge of sex discrimination against defendant with the New York State Division of Human Rights, cross-filed with the Equal Employment Opportunity Commission (EEOC). She received a Right to Sue notice from the EEOC, dated May 14, 2008, within 90 days of the commencement of this lawsuit.

7. As the events underlying this lawsuit occurred in Middletown, New York, venue is proper in the Southern District of New York.

## IV. FACTUAL AVERMENTS

8. In May 2000, plaintiff commenced employment with defendant as an hourly associate at its Middletown, New York store.

9. After approximately one year, plaintiff voluntarily resigned her employment to take a position with another retailer.

10. In 2003, plaintiff resumed employment with defendant at its Middletown, New York store in a management capacity.

11. During her first several months as a manager, plaintiff managed various departments.

12. In or about October 2003, plaintiff began as the delivery department manager.

13. At all times herein, plaintiff well performed as manager of the delivery department. She received uniformly positive performance evaluations, and company audits and customer surveys further reflected that she well managed her department.

14. In or about May 2007, Juan Santos began as the Middletown store manager. Santos

exhibited hostility toward plaintiff based on her gender and treated her less favorably than male department heads.

15. On or about June 12, 2007, Santos screamed at plaintiff regarding a lack of staffing in front of others. He did not similarly berate male managers.

16. Plaintiff was the only female delivery department manager in her district, which included the Middletown, Matamoras (Pennsylvania), Poughkeepsie and Kingston stores.

17. Plaintiff trained male delivery department managers in other stores within her district.

18. On or about June 19, 2007, Santos issued plaintiff a written warning for her alleged failure in making a refrigerator delivery to a customer a week earlier. Plaintiff's discipline for a minor, isolated customer complaint was aberrant and pretextual. Defendant's male delivery managers were not similarly disciplined for the same or more egregious customer complaints.

19. During the meeting where Santos issued the disciplinary write-up, plaintiff questioned why her direct supervisor, Michael Behrens, was not present, in accordance with defendant's written policy regarding discipline. Santos responded that Behrens did not have to be there and that another manager, Joanne Russo, was present because plaintiff was a female.

20. On June 30, 2007, plaintiff called into work because of a personal emergency. While plaintiff was out, a male delivery driver experienced a minor accident when the truck's moffett (the truck-mounted forklift) rolled off the truck.

21. The driver reported the accident to the male store manager on duty.

22. Ultimately, Santos blamed plaintiff for not immediately reporting the accident. However, per company policy, it was the driver's responsibility to report such an accident to the

manager on duty.

23. Plaintiff was terminated on July 6, 2007. Defendant used the June 30, 2007 moffet accident as a pretext to terminate plaintiff based on her gender.

24. Defendant replaced plaintiff with an incompetent male delivery department employee. In so doing, defendant bypassed a more qualified female candidate.

25. In terminating plaintiff, defendant treated her less favorably than similarly situated male managers, including male department managers in Middletown and male delivery department managers in other stores in her district.

26. Defendant's termination of plaintiff was malicious and/or wanton, and was taken in reckless disregard of plaintiff's federally protected rights against gender discrimination in employment.

27. As a result of her termination, plaintiff has suffered, and continues to suffer, pecuniary and non-pecuniary damages, including loss of pay and benefits, physical sickness and emotional distress.

### IV.   CAUSES OF ACTION

28. Plaintiff incorporates paras. 1-27 as if fully restated herein.

29. By dint of the foregoing, defendant discriminated against plaintiff because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law § 296.

### V.   PRAYER FOR RELIEF

30. WHEREFORE, plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to plaintiff compensatory damages, including damages for lost pay and benefits, physical sickness and emotional distress;

(c) award to plaintiff punitive damages;

(d) order plaintiff reinstated to her former position or, in the alternative, award her front pay;

(e) award to plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988, and

(g) enter any other relief justified by the law and facts.

Dated: June 11, 2008
      Chester, New York

Respectfully submitted,

S/ _____
Christopher D. Watkins (CW 2240)
SUSSMAN & WATKINS
40 Park Place – PO Box 1005
Goshen, NY 10924
(845) 294-3991
Attorneys for Plaintiff