UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John K. Bennett, Esq. (JB-0527)
Michael D. Ridenour, Esq. (MR-2580)
CONNELL FOLEY LLP
888 Seventh Avenue
New York, New York 10106
(212)262-2390
    - AND -
85 Livingston Avenue
Roseland, New Jersey 07068
(973)535-0500
Attorneys for Defendant,
Lowe's Home Centers, Inc.

| | |
|---|---|
| THERESA M. DEACON,<br><br>        Plaintiff,<br><br>    -vs.-<br><br>LOWE'S COMPANIES, INC.,<br><br>        Defendant. | Hon. Charles L. Brieant, U.S.D.J.<br><br>Civil Action No. 08-5570<br><br>**ANSWER TO COMPLAINT** |

Defendant, Lowe's Home Centers, Inc. (erroneously captioned as "Lowe's Companies, Inc."; hereinafter "Lowe's"), a corporation having its headquarters and principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and having a place of business located at 700 North Galleria Drive, Middletown, New York, by way of Answer to the Complaint of the plaintiff, Theresa M. Deacon, responds as follows:

## I.  AS TO INTRODUCTION

1.    Lowe's states that plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. and the New York Human Rights Law, N.Y. Exec. Law §296, but it denies that plaintiff states any claim against Lowe's upon which relief can be granted, and it denies that it violated either statute in any way.

## II.  AS TO PARTIES

2.    Lowe's admits the allegations set forth in paragraph 2.

3.    As to paragraph 3, Lowe's states that it is a corporation having its headquarters and principal place of business located in Mooresville, North Carolina, and having a place of business located in Middletown, New York.  Except as so stated, Lowe's denies the allegations set forth in paragraph 3.

## III.  AS TO JURISDICTION

4.    Lowe's admits, without waiving any defenses, that this Court has subject-matter jurisdiction over plaintiff's Title VII claim in this action.

5.    Lowe's admits, without waiving any defenses, that this Court may exercise supplemental jurisdiction over plaintiff's claim under the New York Human Rights Law.

6.    Lowe's states that on or about July 25, 2007, plaintiff filed a Complaint with the New York Division of Human

Rights ("NYSDHR"), claiming that Lowe's had discriminated against her and terminated her employment on or about July 6, 2007, because of her gender. Lowe's states further that the NYSDHR fully investigated plaintiff's complaint and determined, on or about April 1, 2008, that there was "NO PROBABLE CAUSE" to believe that Lowe's had engaged in any unlawful discriminatory action against plaintiff. Lowe's states further that the NYSDHR determined that plaintiff, a delivery department manager, was terminated for committing multiple violations of Lowe's safety policies, and not because of her gender. Lowe's states further that on or about May 14, 2008, the EEOC issued plaintiff a Notice of Right to Sue, based on the EEOC's adoption of the finding of "NO PROBABLE CAUSE" by the NYSDHR, the deferral agency that investigated plaintiff's complaint. Except as so stated, Lowe's denies the allegations set forth in paragraph 6.

7.   Lowe's admits, without waiving any defenses, that this Court is the proper venue for this action.

### IV.  AS TO FACTUAL AVERMENTS

8.   Lowe's admits the allegations set forth in paragraph 8.

9.   Lowe's admits the allegations set forth in paragraph 9.

10.  As to paragraph 10, Lowe's states that on or about May 12, 2003, it rehired plaintiff as a manager at its Middletown,

New York store.    Except as so stated, Lowe's denies the allegations set forth in paragraph 10.

11.  Lowe's admits the allegations set forth in paragraph 11.

12.  Lowe's admits the allegations set forth in paragraph 12.

13.  Lowe's denies the allegations set forth in paragraph 13.

14.  Lowe's denies the allegations set forth in paragraph 14.

15.  Lowe's denies the allegations set forth in paragraph 15.

16.  Lowe's denies the allegations set forth in paragraph 16.

17.  Lowe's denies the allegations set forth in paragraph 17.

18.  As to paragraph 18, Lowe's states that on or about June 19, 2007, plaintiff was issued a written warning notice for her violation of Company policies concerning the performance of her job duties.  Lowe's states that, in connection with this June 19, 2007 warning notice, plaintiff was told she was expected to improve her performance, and that future violations of Company policy would result in further disciplinary action,

up to and including termination.    Except as so stated, Lowe's denies the allegations set forth in paragraph 18.

19.    As to paragraph 19, Lowe's states that during the meeting in which the June 19, 2007 written warning notice was issued to her, plaintiff asked why the Operations Manager, Michael Behrens, was not present, and that Mr. Santos told plaintiff that Mr. Behrens was not there that day, but that another Manger, Joanne Russo, was present.    Except as so stated, Lowe's denies the allegations set forth in paragraph 19.

20.    As to paragraph 20, Lowe's states that on June 30, 2007, plaintiff was absent from her scheduled work.    Lowe's states further that while plaintiff was absent, a delivery employee had an accident at the store with Company forklift equipment, causing damage to the equipment, which the employee reported to plaintiff on her cell phone.    Except as so stated, Lowe's denies the allegations set forth in paragraph 20.

21.    Lowe's denies the allegations set forth in paragraph 21.

22.    As to paragraph 22, Lowe's states that Mr. Santos held plaintiff responsible for not reporting the accident to the store when the delivery employee reported it to her, for allowing delivery personnel to continue to use the damaged equipment, and for directing two hourly-paid Lowe's employees to repair the equipment instead of the equipment manufacturer's

service representatives.  Except as so stated, Lowe's denies the allegations set forth in paragraph 22.

23.  As to paragraph 23, Lowe's states that plaintiff's employment was terminated on or about July 6, 2007, for her violation of multiple delivery and safety policies of Lowe's, by her failure to report the accident damaging the forklift equipment, her allowing delivery personnel to continue to use the damaged equipment, and her directing two hourly-paid Lowe's employees to repair the equipment instead of the equipment manufacturer's service representatives.  Except as so stated, Lowe's denies the allegations set forth in paragraph 23.

24.  Lowe's denies the allegations set forth in paragraph 24.

25.  Lowe's denies the allegations set forth in paragraph 25.

26.  Lowe's denies the allegations set forth in paragraph 26.

27.  Lowe's denies the allegations set forth in paragraph 27.

## IV.   [sic: V.] AS TO CAUSE OF ACTION

28.  Lowe's repeats its responses to the allegations set forth in paragraphs 1 through 27 as if fully restated herein.

29.  Lowe's denies the allegations set forth in paragraph 29.

1966798-01

## V [sic: VI.]  AS TO PRAYER FOR RELIEF

30.  Lowe's denies that plaintiff is entitled to any judgment, damages or other relief in connection with this action.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relied can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's Complaint is barred to the extent that she has failed to meet any of the statutory prerequisites to suit under Title VII.

### THIRD SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute(s) of limitations.

### FOURTH SEPARATE DEFENSE

All actions by Lowe's with regard to plaintiff's employment were based upon legitimate, non discriminatory reasons, and were not the result of any unlawful motivation.

### FIFTH SEPARATE DEFENSE

Plaintiff has suffered no damages caused by or attributable to Lowe's.

### SIXTH SEPARATE DEFENSE

Plaintiff has failed to mitigate damages.

1966798-01

## SEVENTH SEPARATE DEFENSE

Plaintiffs' claims for punitive damages against Lowe's are barred on constitutional, statutory and other legal grounds.

Lowe's denies any and all other allegations contained in plaintiff's Complaint not specifically admitted or otherwise responded to herein. Lowe's reserves the right to plead additional defenses.

Therefore, Lowe's is entitled to the entry of judgment in its favor, dismissing plaintiff's Complaint, with prejudice, and to an award of its costs and attorneys fees incurred in defending against this frivolous action.

Respectfully Submitted,

**CONNELL FOLEY LLP**
Attorneys for Defendant,
Lowe's Home Centers, Inc.

By:  /s Michael D. Ridenour
     JOHN K. BENNETT (JB-0527)
     MICHAEL D. RIDENOUR (MR-2580)

DATED: July 22, 2008

1966798-01